IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| BARTON RAY GAINES,         ) | | |
|             Plaintiff,                        ) | | |
|                                                     ) | | |
| v.                                                ) | Civil No. 7:08-CV-122-O | |
|                                                     ) | | |
| BRAD LIVINGSTON, *et al.*,      ) | | |
|             Defendants.                    ) | | |

MEMORANDUM OPINION AND ORDER

Came on to be considered *Defendants' Amended Motion to Dismiss* (Doc. No. 38) and the Court finds and orders as follows:

This is an action brought pursuant to 42 U.S.C. § 1983 by an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas. Defendants are the Director of the TDCJ and a warden and correctional officers at the Allred Unit. Plaintiff claims that Defendants failed to protect him from a violent and near-fatal attack by another inmate and that they denied him his substantive and procedural due process rights in a prison disciplinary proceeding. *Plaintiff's Second Amended Complaint, Supporting Facts and Arguments at p. 2.* He seeks monetary damages and injunctive relief. *Plaintiff's Second Amended Complaint at p. 4.* Defendants seeks dismissal of the complaint based upon their defenses of qualified immunity and sovereign immunity. *See Defendants' Amended Motion to Dismiss.*

On May 7, 2009, the Court granted Defendants motion for a Rule 7(a) reply under *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995). Plaintiff was directed to:

> set forth his reply to defendants Hill, Looney and Wolfe's qualified immunity defense and support his reply with specific <u>facts</u> upon which he relies to establish that the conduct of these defendants violated clearly established statutory or constitutional rights of which a

reasonable official would have known at the time of the incidents giving rise to this cause of action.

*See Doc. No. 35.* On May 18, 2009, Plaintiff filed his Rule 7(a) Reply in which he sets forth facts in support of his complaint but also argues that the Rule 7(a) reply was unnecessary because he "has pled his claims with both factual and legal particularity ...." *Plaintiff's Rule 7(a) reply at p. 5.* Accepting Plaintiff's statement with regard to the factual sufficiency of his pleadings, the Court will rely upon the facts set forth in Plaintiff's Second Amended Complaint and in his Rule 7(a) Reply in ruling on Defendants' Motion to Dismiss.

Government officials are entitled to qualified immunity from suit when performing discretionary functions unless their conduct violated statutory or constitutional rights, clearly established at the time of the alleged incident, of which a reasonable person would have known. *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995). The question of qualified immunity should be resolved at the earliest possible stage of litigation because it involves an entitlement to immunity from suit. *Hunter v. Bryant*, 502 U.S. 224, 226 (1991); *accord Gibson*, 44 F.3d at 277. The first step in evaluating a government official's entitlement to a defense of qualified immunity is to determine both what the current applicable law is and whether it was clearly established at the time of the events giving rise to the lawsuit. *Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995)(citing *Siegert v. Gilley*, 500 U.S. 226, 231 (1991)). If the plaintiff has stated a violation of a constitutional right which was clearly established at the time, the court should then determine whether a reasonable official would have understood that his or her conduct violated that right. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

The law relating to prison officials' duty to protect inmates from attack by other inmates was well established at the time of the events giving rise to this lawsuit. To state a civil rights claim

against a prison official for failure-to-protect, a plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "Deliberate indifference" is a subjective standard which occurs only where a prison official knows of and disregards a substantial risk to the inmate's health or safety. *Farmer*, 511 U.S. at 837. Deliberate indifference thus requires that "the [offending] official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Neals*, 59 F.3d at 533 (quoting *Farmer*, 511 U.S. at 837).

In their motion, Defendants do not deny that Plaintiff was stabbed by another inmate. However, they deny that they were deliberately indifferent to a substantial risk of serious harm to Plaintiff. In his Second Amended Complaint, Plaintiff states that Officer Hill ignored his three pleas for help after he had been stabbed. *Plaintiff's Second Amended Complaint, Supporting Facts and Arguments at p. 7 (hereinafter Plaintiff's Supporting Facts at p. ___.").* He claims that, when officers did become involved after the stabbing incident, Major Wolf interrogated him, handcuffed him, became agitated, threatened him and ordered that he remain in shackles while driving to the hospital. *Id. at pp. 7-8.* Plaintiff claims that none of the Defendants on the scene after the stabbing had the mental wherewithal or common sense to take him to the hospital emergency room. *Id. at p. 7.* Rather, an officer contacted Warden Eddie Williams who told officers to take Plaintiff to the hospital. *Id.*

Plaintiff claims that, several weeks prior to being stabbed, he saw three inmates, including his attacker, standing around a fan in the day room. *Id. at p. 10.* When plaintiff approached, the

-3-

inmates moved away from the fan and Plaintiff noticed that some spokes from the fan guard were missing. Plaintiff states that his grandmother reported this incident to Major Kroll. *Id. at p. 11*. In his Rule 7(a) Reply, Plaintiff restates the facts set forth above and, in addition, states that he believes Officer Looney has knowledge of the fact that someone other than Plaintiff may have signed Plaintiff's name on the hearing notice for the disciplinary action against Plaintiff that arose out of the stabbing incident. *Plaintiff's Rule 7(a) Reply at pp. 2-6.* With regard to the remaining Defendants who have entered appearances in this action, Plaintiff make no allegations against them on his failure-to-protect claim. *See Plaintiff's Supporting Facts.*

In a cause of action under § 1983, it is necessary to specify the personal involvement of each defendant. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). A plaintiff cannot make generalized allegations. *Howard v. Fortenberry*, 723 F.2d 1206, 1209 (5th Cir.), *vacated in part on denial of rehearing*, 728 F.2d 712 (5th Cir. 1984). There must be an affirmative link between the deprivation and some act by the defendant. *Rizzo v. Goode*, 423 U.S. 362, 375-77 (1976).

In the instant case, Plaintiff has failed to allege any conduct on the part of Defendants which could have resulted in a denial of his constitutional rights. His allegations are conclusory in nature and, as such, fail to show any constitutional violation. Conclusory allegations are insufficient to state a cognizable claim under the Civil Rights Act. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (holding that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Van Cleave v. United States*, 854 F.2d 82, 84 (5th Cir. 1988) (requiring specific facts and noting that conclusory allegations are insufficient to maintain a claim under § 1983). Plaintiff's subjective belief that Defendants were somehow involved in a conspiracy to allow him to be stabbed, without more, is

insufficient to maintain a civil rights claim.  To the extent that Plaintiff seeks redress against TDCJ Director Brad Livingston and Warden Eddie Williams because of their supervisory positions, he cannot prevail.  These Defendants cannot be held responsible for the alleged acts or omissions of their subordinates because here is no *respondeat superior* or vicarious liability in the context of a § 1983 claim.  *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).

As discussed earlier, to prevail on a failure-to-protect claim, an inmate must show (1) that he is incarcerated under conditions posing a substantial risk of serious harm and (2) that prison officials were deliberately indifferent to his need for protection.  *Neals*, 59 F.3d at 533.  To show deliberate indifference, an inmate must demonstrate that a prison official subjectively knew of and disregarded a substantial risk of harm to the inmate.  *Farmer*, 511 U.S. at 837.  In other words, the guard must actually draw the inference that there is a substantial risk of harm.  "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.  "To sustain his constitutional claim, [the inmate] must demonstrate something approaching a total unconcern for his welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm[.]" *King v. Fairman*, 997 F.2d 259, 261 (7th Cir. 1993).

While it is unfortunate that inmates sometimes attack each other, prison officials who lack knowledge of facts which could indicate that such an attack is going to occur are many times powerless to prevent the attack.  There is nothing in the record of this case to indicate that any Defendant was deliberately indifferent to Plaintiff's health or safety.  To the contrary, after the stabbing, Plaintiff was taken to the hospital at the direction of Warden Eddie Williams.  Even

assuming *arguendo* that Plaintiff had demonstrated an excessive risk to his safety, he has failed to claim that any Defendant was aware of facts which could indicate a risk of harm. To the extent, if any, that Plaintiff is asserting a claim based upon negligence, relief is unavailable under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

With regard to his claim that he was threatened by Major Wolfe, Plaintiff cannot prevail. Threats, verbal taunts, insults and even racial slurs, which may be viewed as offensive, do not give rise to liability under the Civil Rights Act. *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (noting that verbal abuse is insufficient to serve as the legal basis of a civil rights action.); *United States v. Bigham*, 812 F.2d 943, 949 (5th Cir. 1987) (holding that technical batteries, angry words or passing thumps do not rise to the level of constitutional abuses). As a practical matter, the exchange of verbal insults between prisoners and corrections officers is an every day occurrence. *Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997). Courts that have considered such claims have uniformly held that they do not provide grounds for an action under 42 U.S.C. § 1983. *E.g., Somers v. Thurman*, 109 F.3d at 622; *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979); *Shabazz v. Cole*, 69 F.Supp.2d 177, 201 (D. Mass. 1999); *Brown v. Croce*, 967 F.Supp. 101, 104 (S.D.N.Y. 1997). Assuming the truth of Plaintiff's allegation of threats by Wolfe, such conduct does not rise to the level of a civil rights violation.

When considering a motion to dismiss, the Court must accept Plaintiff's factual allegations as true and must construe the complaint in the light most favorable to the plaintiff. *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 , 563 (2007). However, a party seeking

to avoid dismissal "must plead specific facts, not mere conclusory allegations." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Although the dismissal of a complaint on a motion to dismiss for failure to state a claim is generally disfavored, the court should exercise its power to dismiss if the pleadings lack an allegation regarding an element required to obtain relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (citations omitted). In the instant case, Plaintiff has set forth no facts which could demonstrate that Defendants were deliberately indifferent to his need for protection. Therefore, Defendants are entitled to judgment as a matter of law on Plaintiff's failure-to-protect claim. For the foregoing reasons, the Court finds that Defendants are entitled to qualified immunity on Plaintiff's failure-to-protect claim.

Plaintiff's remaining claims center around his allegations that wrongful disciplinary action was taken against him and that he was denied due process during the disciplinary proceeding. Plaintiff cannot prevail on these claims. An inmate who is entitled to mandatory supervised release may have a constitutionally protected liberty interest in earned good time credits such that due process attaches to any proceeding in which such credits are revoked. *Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997). However, where a favorable determination in a civil rights action would automatically entitle a prisoner to accelerated release, he must obtain a favorable habeas judgment prior to seeking redress under § 1983. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998), *cert. denied*, 525 U.S. 1151, 119 S.Ct. 1052 (1999); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059, 116 S.Ct. 736 (1996); *see also, Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973) (holding that the proper avenue to seek restoration of lost good-time credits is a habeas corpus proceeding rather than a civil rights action).

Assuming, *arguendo*, that Gaines lost previously earned good time credits and that he is entitled to mandatory supervised release, he has not shown that the results of the disciplinary proceeding have been reversed, invalidated or otherwise called into question. Thus, his civil rights claims are currently barred under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (holding that a claim based on allegations that would necessarily imply the invalidity of a disciplinary hearing is not cognizable in a civil rights action unless the disciplinary action has been reversed, expunged or otherwise invalidated).

For the foregoing reasons, it is ORDERED that Defendants' Amended Motion to Dismiss is GRANTED. Plaintiff's civil rights claims related to the prison disciplinary action are hereby dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and with prejudice to their being asserted again unless Plaintiff can demonstrate that the conditions set forth in *Heck v. Humphrey* have been satisfied.[1]

It is further ORDERED that Plaintiff's remaining civil rights claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

It is further ORDERED that, to the extent Plaintiff's complaint presents claims cognizable in a habeas proceeding, such claims are hereby dismissed without prejudice to his right to seek federal habeas relief after fully exhausting state remedies.[2]

---

[1] Where a § 1983 plaintiff's claims attack the fact or duration of his confinement and such claims are dismissed under *Heck v. Humphrey*, the dismissal should be "with prejudice." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994).

[2] *See Rose v. Lundy*, 455 U.S. 509, 518 (1982) (requiring exhaustion of available state remedies before a federal court should consider the merits of a state prisoner's claims).

The Clerk of Court shall transmit copies of this order to Counsel for Plaintiff and to Counsel for Defendants.

SO ORDERED this 22nd day of March, 2010.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**